UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:02-cr-201 |
| | ) | Judge Edgar |
| | ) | |
| ANTHONY LEBRON HEREFORD | ) | |

**MEMORANDUM AND ORDER**

Federal prisoner Anthony Lebron Hereford ("Hereford") made a motion to modify and reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive application of Amendment 706 to the United States Sentencing Guidelines, as amended by Amendment 711. [Doc. No. 18]. The Court appointed Federal Defender Services of Eastern Tennessee to represent Hereford in this matter. Hereford is represented by Assistant Federal Defender Anthony Martinez who has filed a brief on behalf of Hereford. [Doc. No. 21].

There is presently before the Court a *pro se* motion filed by Hereford on March 10, 2009, for leave to amend his 18 U.S.C. § 3582(c)(2) motion. [Doc. No. 24]. Hereford mistakenly relies on Rule 15 of the Federal Rules of Civil Procedure. Hereford cites Fed. R. Civ. P. 15(c)(2) and contends that his proposed amendment should "relate back" to his original pleading," i.e. the 18 U.S.C. § 3582(c)(2) motion. Hereford argues that *United States v. Booker*, 543 U.S. 220 (2005), should be applied retroactively to afford him relief under 18 U.S.C. § 3582(c)(2).

After reviewing the record, the Court concludes that Hereford's *pro se* motion for leave to

1

amend his 18 U.S.C. § 3582(c)(2) motion [Doc. No. 24] is **DENIED** for the following reasons.

Hereford is represented in this case by attorney Anthony Martinez from the Federal Defender Services. Any and all motions and briefs on behalf of Hereford must come by and through his counsel of record, Mr. Martinez. Hereford should cease filing *pro se* motions and briefs directly with the Court while he is represented by counsel.

Hereford's reliance on Rule 15 of the Federal Rules of Civil Procedure is entirely misplaced. Fed. R. Civ. P. 15 is not applicable here. Rule 15 is a rule of civil procedure, not criminal procedure. This criminal case is governed by the Federal Rules of Criminal Procedure, not the Federal Rules of Civil Procedure

Moreover, Hereford's proposed amendment is futile. *Booker*, 543 U.S. 220, cannot be applied retroactively under 18 U.S.C. § 3582(c)(2).

In November 2002, Hereford executed a plea agreement. On April 21, 2003, this Court entered the judgment of conviction pursuant to his guilty plea. [Doc. No. 11]. Hereford did not take a direct appeal to the Sixth Circuit Court of Appeals from the judgment of conviction and sentence. On January 12, 2005, the Supreme Court rendered its decision in *Booker*, 543 U.S. 220. Hereford's criminal case was not pending on direct review in any federal court when *Booke*r was decided.

18 U.S.C. §3582(c)(2) provides that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court may in its discretion reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission's policy statement in U.S.S.G. 1B1.10(a) provides that where

a defendant is serving a term of imprisonment, and the applicable guideline range has subsequently been lowered as a result of an amendment to the Sentencing Guidelines by the Sentencing Commission which is listed in U.S.S.G. § 1B1.10(c) as retroactive, then a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). However, if none of the retroactive amendments specified in U.S.S.G. § 1B1.10(c) are applicable to lower a defendant's guideline range, then a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with the policy statement and is not authorized.

The Sentencing Commission's amendments to the Sentencing Guidelines which may be applied retroactively under 18 U.S.C. § 3582(c)(2) are specified in U.S.S.G. § 1B1.10(c). Section 3582(c)(2) authorizes this Court to reduce Hereford's sentence of imprisonment if he can show that: (1) he was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by an amendment to the Sentencing Guidelines adopted by the Sentencing Commission; and (2) the amendment to the Sentencing Guidelines is listed in U.S.S.G. § 1B1.10(c) as retroactive.

To the extent that Hereford does not rely on a retroactive amendment to the Sentencing Guidelines that has been adopted by the Sentencing Commission and listed in U.S.S.G. § 1B1.10(c), he is not eligible for a sentence reduction under 18 U.S.C. §3582(c)(2). *See e.g. United States v. Jackson*, 108 Fed. Appx. 338 (6th Cir. 2004); *Clemons v. United States*, 102 Fed. Appx. 933, 935 (6th Cir. 2004); *United States v. Jones*, 96 Fed. Appx. 976 (6th Cir. 2004); *United States v. Dullen*, 15 F.3d Appx. 68, 69-70 (6th Cir. 1994).

A question arises whether the Supreme Court's decision in *Booker* effectively constitutes an "amendment" to the Sentencing Guidelines which may be applied retroactively pursuant to 18

U.S.C. § 3582(c)(2) to reduce the sentence of a federal prisoner. The answer to this question is "No." When a federal prisoner seeks collateral post-conviction relief by making a motion to modify and reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(2), *Booker* cannot be retroactively applied as a purported "amendment" to the Sentencing Guidelines.

Hereford cannot utilize the Supreme Court's decision in *Booker* to obtain relief pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) is strictly limited to situations where a sentencing range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) based on an amendment adopted by the Sentencing Commission, and the policy statements issued by the Sentencing Commission in U.S.S.G. § 1B1.10(c) make its amendment retroactive. By its plain language,18 U.S.C. § 3582(c)(2) is not implicated and triggered by *Booker*. *Booker* is a Supreme Court decision, and it cannot be construed as being equivalent to an amendment of the Sentencing Guidelines promulgated by the Sentencing Commission. 18 U.S.C. § 3582(c)(2) is not a statutory vehicle for advancing claims for post-conviction relief based on *Booker*. *United States v. Carter*, 500 F.3d 486, 490-91 (6th Cir. 2007); *Cortorreal v. United States*, 486 F.3d 742, 744 (2nd Cir. 2007); *United States v. Rodriguez-Pena*, 470 F.3d 431, 433 (1st Cir. 2006); *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005); *United States v. Sanchez,* 2005 WL 1798284 (3rd Cir. Aug. 1, 2005); *United States v. Joseph,* 130 Fed. Appx. 357, 360, 2005 WL 1038766, * 3 (11th Cir. May 4, 2005); *United States v. Privette*, 129 Fed. Appx. 897, 899, 2005 WL 995951, * 1 (5th Cir. April 29, 2005); *United States v. Cooper*, 2005 WL 1606363 (D.D.C. July 1, 2005); *United States v. Culp*, 2005 WL 1799252 (D. Kan. June 30, 2005); *United States v. Durr*, 2005 WL 1318836 (S.D. Ohio June 1, 2005).

Even if we assume *arguendo* that *Booker* could somehow be characterized or construed as

4

an "amendment" to the Sentencing Guidelines within the purview of 18 U.S.C.§ 3582(c)(2) (which

it is not), that purported *Booker* "amendment" would not result in a lowering of the guideline range

applicable to Hereford's criminal case as required by § 3582(c)(2) before his sentence of

imprisonment may be retroactively reduced. *Booker* simply does not lower any sentencing guideline

ranges. Rather, *Booker* holds that the Sentencing Guidelines are advisory and federal judges are no

longer bound by guideline ranges. *Carter*, 500 F.3d at 490. After *Booker*, a sentencing court must

consider the guideline ranges, but the Sentencing Guidelines are advisory and the Court may tailor

the sentence in light of other statutory concerns as well, see e.g. 18 U.S.C. § 3553(a).

Because *Booker* does not lower sentencing guideline ranges, *Booker* cannot afford

retroactive relief to Hereford to reduce his sentence under 18 U.S.C. § 3582(c)(2). *Carter*, 500 F.3d

at 490-91; *Cooper*, 2005 WL 1606363; *cf. United States v. Smith*, 88 Fed. Appx. 71, 73 (6th Cir.

Feb. 10, 2004) (Holding that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) does not affect

sentencing guideline ranges and does not afford any relief to federal prisoners under 18 U.S.C. §

3582). This District Court is required to follow and apply the Sixth Circuit precedent in *Carter*, 500

F.3d at 490-91.

There is an additional reason why *Booker* is not applicable here. The holding in *Booker*

applies only to cases pending on direct review when *Booker* was decided. *Booker*, 543 U.S. at 268.

Because Hereford's criminal case was not pending on direct review in any federal court on January

12, 2005, when the Supreme Court decided *Booker*, it is impossible for Hereford to obtain any post-

conviction relief based on *Booker*.

Hereford's motion under 18 U.S.C.§ 3582(c)(2) is a one for collateral post-conviction

review, not a direct appeal or direct review. It is well settled that *Booker* cannot be applied

5

retroactively in collateral proceedings for post-conviction relief. *Duncan v. United States*, 552 F.3d

442 (6th Cir. 2009); *Carter*, 500 F.3d at 491; *United States v. Saikaly*, 424 F.3d 514 (6th Cir. 2005);

*United States v. Bellamy*, 411 F.3d 1182, 1186-88 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d

608 (3rd Cir. 2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005); *Hill v. United States*,

2005 WL 2060804, * 6 (E.D. Tenn. July 25, 2005); *Tramble v. United States*, 2005 WL 1421618

(E.D. Tenn. June 15, 2005). Federal defendants sentenced under the erroneous belief that the

Sentencing Guidelines are mandatory suffer non-constitutional *Booker*-error. *Duncan*, 552 F.3d at

444; *United States v. Barnett*, 398 F.3d 516, 524-25 (6th Cir. 2005). In *Carter*, 500 F.3d at 491, the

Sixth Circuit explicitly holds that *Booker* cannot be applied retroactively in the context of a 18

U.S.C. § 3582(c)(2) motion for reduction of sentence.

There is no precedent established by the United States Supreme Court and Sixth Circuit

Court of Appeals that permits this District Court to apply *Booker* retroactively to any motions by

federal prisoners seeking reduction of terms of imprisonment under 18 U.S.C. § 3582(c)(2). If this

Court were to accept Hereford's flawed argument that he can make a motion to modify and reduce

his term of imprisonment under 18 U.S.C. § 3582(c)(2) based on *Booker*'s holding that the

Sentencing Guidelines are advisory, then any federal prisoner could utilize *Booker* retroactively to

move for a sentence reduction under § 3582(c)(2) in all types of cases, regardless of whether the

Sentencing Commission has adopted an applicable retroactive amendment. This would open the

floodgates and make *Booker* retroactive through the guise of 18 U.S.C. § 3582(c)(2) motions by

federal prisoners. This is not what the Supreme Court intends in *Booker*.

Accordingly, Hereford's motion [Doc. No. 24] for leave to amend his 18 U.S.C. § 3582(c)(2)

motion is **DENIED**.

SO ORDERED.

ENTER this the 23rd day of April, 2009.


                            /s/ R. Allan Edgar
                         R. ALLAN EDGAR
                UNITED STATES DISTRICT JUDGE

7